```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

KENNETH VAUGHAN,                    *

    Plaintiff,                     *

vs.                                 *

RYDER CAPITAL SERVICES              *
CORPORATION, RYDER INTEGRATED
LOGISTICS, INC., RYDER TRUCK        *       CASE NO. 4:15-CV-74 (CDL)
RENTAL, INC., RYDER FLEET
PRODUCTS, INC., RYDER SERVICES      *
CORPORATION, and RYDER
DEDICATED LOGISTICS, INC.,          *

    Defendants.                    *

O R D E R

Plaintiff Kenneth Vaughan filed his Complaint in the Muscogee County Superior Court on December 23, 2014. *See generally* Compl., ECF No. 1-2. He served Defendants with the Complaint the same day. Vaughan, a truck driver, alleges that he fell from Defendants' semi truck onto a parking lot because Defendants had removed a "deck plate" from the truck and failed to warn him about it. Compl. ¶ 15. Vaughan asserts that he suffered "severe injuries to his left arm" due to the fall. *Id.* ¶ 16. He also alleges that he had to undergo "numerous surgeries" for his injuries before filing his Complaint, that his injuries "are permanent in nature," that "he will never fully recover," and that his injuries "have significantly

impacted [his] quality of life." *Id*. Vaughn seeks past and future pain and suffering damages for the "serious, painful, and permanent injuries to his body and mind." *Id.* ¶¶ 20, 22. He seeks past and future lost wages. *Id.* ¶ 21. And he seeks past and future medical expenses. *Id.* ¶ 22.

Defendants filed a notice of removal on May 15, 2015, more than 140 days after service of the Complaint. Although it is clear from the face of the Complaint that there is complete diversity of citizenship, Defendants contend that they could not determine whether the amount in controversy exceeded $75,000 until April 17, 2015, when Vaughan served Defendants with interrogatory responses that more fully spelled out his damages. Vaughan filed a motion to remand (ECF No. 6) arguing that the amount in controversy was facially apparent from the Complaint and that Defendants' removal was thus untimely. The Court agrees with Vaughan.

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Williams v.*

2

*Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010). "Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at 1062 (quoting *Pretka*, 608 F.3d at 770).

Here, based on common sense, reasonable deductions and judicial experience, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Vaughan alleges that he suffered "severe" and "permanent" injuries to his arm that "significantly impacted [his] quality of life" and from which he will "never fully recover." Compl. ¶ 16. He further alleges that his injuries required "numerous surgeries" as of the date he filed his Complaint. *Id.* He seeks past and future medical expenses, past and future pain and suffering, and past and future lost wages. Based on these allegations, the Court is satisfied that it is facially apparent from Vaughan's Complaint that the amount in controversy exceeds $75,000. *See Roe*, 613 F.3d at 1063 (summarizing cases where courts found that the

3

amount in controversy exceeded $75,000 based on allegations similar to Vaughan's).[1]

Defendants emphasize that when a case is not removable based on the initial pleading, "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(3). But as discussed above, this case *was* removable based on the initial pleading, so Defendants were required to file the notice of removal by January 22, 2015. They did not do so. Removal was thus untimely. Vaughan's Motion to Remand (ECF No. 6) is granted, and this action is remanded to the Muscogee County Superior Court.

IT IS SO ORDERED, this 18th day of September, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court notes that in *Williams*, the Eleventh Circuit found that the plaintiff's damages were not facially apparent from the complaint where the plaintiff alleged that she tripped on a curb and fell while entering a store and suffered "permanent physical and mental injuries," "incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity." *Williams*, 269 F.3d at 1318, 1320. There is no indication, however, that the plaintiff in *Williams* had to undergo "numerous surgeries" before she filed her Complaint.